# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff

v.

TERRA COTTA II HOMEOWNERS ASSOCIATION, et al.,

    Defendants

Case No.: 2:16-cv-02152-APG-NJK

**Order (1) Granting Plaintiff's Motion for Summary Judgment Based on Tender, (2) Dismissing as Moot Alternative Damages Claims, and (3) Denying as Moot Plaintiff's Motion for Summary Judgment Based on the Federal Foreclosure Bar**

[ECF Nos. 30, 33]

Plaintiff Federal National Mortgage Association (Fannie Mae) sues to determine whether its deed of trust encumbering property located at 1125 Stillwater Bridge Street located in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Terra Cotta II Homeowners Association (Terra Cotta). Defendant CSC Acquisition & Holdings LLC (CSC)[1] purchased the property at the foreclosure sale. CSC then quitclaimed the property to defendant EQ Partners Solutions, LLC (EQ). Fannie Mae seeks a declaration that its deed of trust still encumbers the property and it asserts damages claims against Terra Cotta and Terra Cotta's foreclosure agent, defendant Absolute Collection Services, LLC (Absolute).

Fannie Mae moves for summary judgment, arguing that its servicer and beneficiary of record under the deed of trust, Bank of America, tendered the superpriority amount and thereby preserved the deed of trust. EQ opposes Fannie Mae's motion but did not move for summary judgment. Absolute and Terra Cotta did not respond to the motion and did not file summary judgment motions.

---

[1] CSC previously was dismissed from the case. ECF No. 14.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Fannie Mae's motion because Bank of America tendered the superpriority amount, so CSC and EQ took title to the property subject to the deed of trust. I dismiss as moot Fannie Mae's damages claims against Terra Cotta and Absolute. Finally, I deny as moot Fannie Mae's motion for summary judgment based on the federal foreclosure bar.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

////

////

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

There is no genuine dispute that Bank of America paid the superpriority amount in full. The monthly HOA assessment was $33.88 per quarter. ECF Nos. 33-1 at 9; 33-3 at 6. Prior to the HOA foreclosure sale, Bank of America tendered $101.64 to cover the superpriority amount.[2] ECF No. 33-1. Absolute accepted the payment. ECF No. 33-4 at 7.

EQ nevertheless argues that I should deny Fannie Mae's motion. EQ contends that the tender was impermissibly conditional and improperly excluded nuisance and abatement charges from the superpriority lien. EQ also argues that I should weigh the equities, which favor EQ. And it argues that Fannie Mae waived the right to assert tender, should be estopped from claiming tender, and has unclean hands because it did not advise anyone of its tender before the sale. None of these arguments raises a genuine issue precluding summary judgment.

As to EQ's first argument, the Supreme Court of Nevada has already held that where, as here, there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to

---

[2] There is no evidence of nuisance abatement or maintenance fees. ECF No. 33-3 at 6.

any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges, the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, the HOA "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default).

As for weighing the equities, "tender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. I thus do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

/ / / /

Finally, Fannie Mae "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

In sum, the valid tender cured the default as to the superpriority portion of the HOA's lien, so the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion. As a result, the property remains subject to the deed of trust. I therefore grant Fannie Mae's motion for summary judgment. I dismiss as moot Fannie Mae's alternative damages claims against Terra Cotta and Absolute.³ And I deny as moot Fannie Mae's motion for summary judgment based on the federal foreclosure bar.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff's motion for summary judgment **(ECF No. 30) is DENIED as moot**.

I FURTHER ORDER that plaintiff's motion for summary judgment **(ECF No. 33) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Federal National Mortgage Association and against defendants Terra Cotta II Homeowners Association; EQ Partners Solutions, LLC; and Absolute Collection Services, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on September 17,

---
³ ECF No. 1 at 14-16 (pleading damages claims in the alternative to declaratory relief).

2013 did not extinguish the deed of trust and the property located at 1125 Stillwater Bridge Street in Las Vegas, Nevada is subject to the deed of trust.

DATED this 9th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE